2193 mgp

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS DODARO, as Special Administrator of the Estate of JACQUELYN DODARO, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) ) | |
| VALUE CITY DEPARTMENT STORES, LLC, | ) ) | |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

Defendant VALUE CITY DEPARTMENT STORES, LLC, by and through its attorneys,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, pursuant to 28 U.S.C. §§1332,

1441 and 1446, hereby submits its Notice of Removal, and in support thereof, states as follows:

1.      On May 21, 2008, Plaintiff CHRIS DODARO, as Special Administrator of the

Estate of JACQUELYN DODARO, Deceased, commenced this action in the Circuit Court of

Cook County, Illinois. (See Exhibit 1 hereto).

2.      Plaintiff has not yet completed service of process upon defendant. However, on

May 28, 2008, plaintiff's counsel mailed a courtesy copy of the Complaint to defendant's third-

party adjuster (see Exhibit 2 hereto). Thus, this Notice of Removal is timely pursuant to 28

U.S.C. §1446(b).

3.      On June 26, 2008, defendant filed its appearance, jury demand and motion to

transfer venue in the Circuit Court of Cook County, Illinois. Defendant has not filed any other

pleadings, discovery or other items in the Circuit Court of Cook County, Illinois. (See Group

Exhibit 3 hereto).

4.    In sum, Plaintiff Dodaro alleges that on May 21, 2006, his late wife Jacquelyn Dodaro slipped and fell at a retail store operated by defendant in Carol Stream, Illinois. Jacquelyn Dodaro allegedly sustained injuries, received medical treatment and, as a result of the medical treatment, died on November 8, 2007.

5.    Plaintiff seeks damages pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq., and the Illinois Survival Act, 755 ILCS 5/27-6.  His complaint contains an open prayer for damages "in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00)." Plaintiff's complaint is supported by an attorney affidavit, executed pursuant to Illinois Supreme Court Rule 222, which confirms that the money damages sought by plaintiff in the instant action exceed $50,000.  (See Exhibit 1 hereto).

6.    Plaintiff's counsel has notified defendant that plaintiff claims related medical expenses totaling not less than $26,166.41.  In addition, plaintiff recently submitted a settlement demand to defendant of $100,000.

7.    Based upon the allegations of the Complaint and other information contained herein, the nature and extent of the claimed injury (wrongful death) and the extended period (greater than 17 months) of survival and conscious pain and suffering from the alleged dates of occurrence (May 21, 2006) to the death of plaintiff's decedent (November 8, 2007), defendant submits there is a reasonable probability that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.    After the alleged occurrence, and while still present at the store on May 21, 2006, Jacquelyn Dodaro provided store personnel with her home address:  59 East Armitage, Glendale Heights, Illinois 60139.  Moreover, on June 5, 2006, Jacquelyn Dodaro completed, signed and returned her "Report of Accident" (see Exhibit 4 hereto).  In this Report, Jacquelyn Dodaro

confirmed the she and her husband, plaintiff Chris Dodaro, resided together at 59 East Armitage, Glendale Heights, Illinois 60139.

9.     On November 8, 2007, the Glendale Heights, Illinois Police responded to 59 East Armitage, Glendale Heights, Illinois, for a death investigation.  A report subsequently authored by the investigating police officer (see Exhibit 5 hereto) indicates that as of November 8, 2007, Chris Dodaro and Jacquelyn Dodaro were married and resided together in Glendale Heights, Illinois.

10.     To bring things current, defendants retained an investigator who has discovered that Plaintiff Chris Dodaro resides at the same address today:  59 East Armitage, Glendale Heights, Illinois 60139.  (See Affidavit of C. Fertel, Exhibit 6 hereto).

11.     Based on the foregoing, defendants have made diligent efforts to obtain information related to Plaintiff's domicile and citizenship, and hereby submit a reasonable basis to conclude that Plaintiff Dodaro is a citizen of and domiciled in Illinois for purposes as diversity jurisdiction.

12.     At all times relevant, Value City Department Stores, LLC has been an Ohio Limited Liability Company and maintained its headquarters and principal place of business in Ohio.  Furthermore, at all times prior to January 23, 2008, Retail Ventures, Inc. was the sole member of Value City Department Stores, LLC.  At all times relevant, Retail Ventures, Inc. has been incorporated in Ohio and maintained its headquarters and principal place of business in Ohio.  (See Affidavit of Julia A. Davis; Exhibit 7 hereto).

13.     On January 23, 2008, Retail Ventures, Inc. disposed of its member interest in Value City Department Stores, LLC by fully contributing its member interest to Value City Holdings, Inc., a Delaware corporation with its offices in Wilmington, Delaware.  (See Exhibit 7

hereto). Therefore, at all times relevant the sole members of defendant Value City Department Stores, LLC, have been citizens of Ohio or Delaware, and not of Illinois, for purposes of diversity jurisdiction.

14.    Accordingly, diversity jurisdiction exists and defendant requests this Honorable Court remove the instant action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. Copies of this Notice of Removal have been served upon all counsel of record and the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendant VALUE CITY DEPARTMENT STORES, LLC, respectfully request that this Honorable Court remove the instant action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, and for such other and further relief as this Court deems just.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

By:___/s/ Mark G. Poulakidas_____
       Mark G. Poulakidas  (ARDC No. 6230065)
       HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
       Attorneys for Defendant
       200 West Adams Street, Suite 500
       Chicago, Illinois 60606
       312-332-6644

JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN
EDA

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CHRIS DODARO, as Special )
Administrator of the Estate of )
JACQUELYN DODARO, Deceased, )
 )
Plaintiff, )
 )
vs. )          No.:
 )
VALUE CITY DEPARTMENT )
STORES LLC )
 )
Defendant. )

## COMPLAINT AT LAW

### COUNT I – WRONGFUL DEATH

NOW COMES the Plaintiff, CHRIS DODARO, as Special Administrator of the Estate of JACQUELYN DODARO, deceased, by and through his attorney, EDMUND J. SCANLAN, and complaining of the Defendant, VALUE CITY DEPARTMENT STORES LLC, states as follows:

1.    That on the 21st day of May, 2006, the plaintiff's decedent, JACQUELYN DODARO, was walking down an aisle at the Value City Department Store located at 1175 North Gary Avenue, in the Village of Carol Stream, State of Illinois.

2.    That at that time and place, the plaintiff's decedent, JACQUELYN DODARO, slipped on a liquid substance in the aisle that had been in the aisle for a substantial period of time.

3.    That at that time and place, the defendant, VALUE CITY DEPARTMENT STORES LLC, by and through its duly-authorized agents, servants and employees, had a



DEFENDANT'S
EXHIBIT
1



duty to exercise due care and caution for the safety of the plaintiff's decedent, JACQUELINE DODARO.

4.    That notwithstanding the aforesaid duty, the defendant, VALUE CITY DEPARTMENT STORES LLC, by and through its duly authorized agents, servants and employees, was guilty of one or more of the following negligent acts and/or omissions:

(a)    allowed a liquid substance to remain on the floor of its aisle, thus causing a danger to customers, including the plaintiff's decedent, JACQUELINE DODARO;

(b)    failed to clean the liquid substance off the floor of its aisle despite said liquid being present on the floor in the aisle for a substantial period of time;

(c)    failed to warn the plaintiff's decedent, JACQUELINE DODARO, of the dangerous condition existing in one of its aisles by virtue of liquid being present on the floor;

(d)    failed to promptly clean up the liquid on the floor of its aisle, thus posing a danger to customers, including the plaintiff's decedent, JACQUELINE DODARO.

5.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendant, VALUE CITY DEPARTMENT STORES LLC, by and through its duly-authorized agents, servants and employees, the plaintiff's decedent, JACQUELINE DODARO, was injured both temporarily and permanently, and she was required to expend large sums of money in an effort to be cured of her injuries, and as a result of the medical treatment for these injuries, she died on November 8, 2007.

6.    That at the aforesaid time, there was in full force and effect in the State of

Illinois a certain statute commonly known as the Wrongful Death Act, 740 ILCS 180/1

et. seq., which provides in pertinent part as follows:

> Whenever the death of a person shall be caused by the
> wrongful act, neglect or default, and the act, neglect or
> default is such as would, if death had not ensued, have
> entitled the party injured to maintain an action and recover
> damages in respect thereof, then and in every such case, the
> person who or company or corporation which would have
> been liable if death had not ensued, shall be liable to an
> action for damages, notwithstanding the death of the person
> injured, and circumstances as amount in law to felony.
> (Section 1)
>
> Every such action shall be brought by and in the names of
> the personal representatives of such deceased person and,
> except as otherwise hereinafter provided, the amount
> recovered in every such action shall be for the exclusive
> benefit of the surviving spouse and next-of-kin of such
> deceased person, and in every such action, the jury may
> give such damages as they shall deem a fair and just
> compensation with reference to the pecuniary injuries
> resulting from such death, to the surviving spouse and next-
> of-kin of such deceased person. (Section 2)

7.    That the plaintiff, CHRIS DODARO, as the duly-appointed Special

Administrator of the Estate of JACQUELINE DODARO, deceased, by Order of the

Circuit Court of Cook County, Illinois, bring this action pursuant to 740 ILCS 180/2.1 for

the benefit of the surviving next-of-kin of the deceased, JACQUELINE DODARO, as

well as for medical, funeral and burial expenses.

WHEREFORE, the Plaintiff, CHRIS DODARO, as Special Administrator of the

Estate of JACQUELINE DODARO, Deceased, demands judgment against the

Defendant, VALUE CITY DEPARTMENT STORES LLC, in a sum in excess of FIFTY

THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

3





## COUNT II – SURVIVAL ACTION

NOW COMES the Plaintiff, CHRIS DODARO, as Special Administrator of the Estate of JACQUELYN DODARO, deceased, by and through his attorney, EDMUND J. SCANLAN, and complaining of the Defendant, VALUE CITY DEPARTMENT STORES LLC, states as follows:

1-4.    The plaintiff realleges and readopts Paragraphs 1 through 4 of Count I as and for Paragraphs 1 through 4 of Count II, as though fully set forth herein.

5.    That as a direct and proximate result of the aforesaid negligent acts and/or omissions of the defendant, VALUE CITY DEPARTMENT STORES LLC, by and through its duly-authorized agents, servants and employees, the plaintiff's decedent, JACQUELINE DODARO, suffered extreme pain and suffering from the moment she fell and was injured on May 21, 2006, up until the time of her death on November 8, 2007, and the plaintiff's decedent also expended sums of money in an effort to be cured of her injuries.

6.    That at the aforesaid time, there was in full force and effect in the State of Illinois a certain statute commonly known as the Survival Act, 755 ILCS 5/27-6, which provides in pertinent part as follows:

> Actions which survive. . .actions to recover damages to an
> injury to the person. . . .

7.    That as a result of 755 ILCS 5/27-6, the Estate of JACQUELINE DODARO, deceased, is entitled to damages for his medical expenses and conscious pain and suffering up until the time of her death on November 8, 2007.



WHEREFORE, the Plaintiff, CHRIS DODARO, as Special Administrator of the Estate of JACQUELINE DODARO, Deceased, demands judgment against the Defendant, VALUE CITY DEPARTMENT STORES LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

EDMUND J. SCANLAN

EDMUND J. SCANLAN
Attorney for Plaintiff
8 South Michigan Avenue, Suite 2700
Chicago, IL 60603
(312) 422-0343
(312) 422-0358 (Facsimile)
Firm ID #25586

5

STATE OF ILLINOIS       )
                            ) SS.
COUNTY OF COOK      )

## <u>AFFIDAVIT</u>

EDMUND J. SCANLAN hereby states that in his opinion the damages in the foregoing lawsuit exceed the sum of $50,000.00.

EDMUND J. SCANLAN

SUBSCRIBED AND SWORN TO

before me this 20th day of

May, 2008.

OFFICIAL SEAL
ELIZABETH V. SCANLAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-16-2012

EDMUND J. SCANLAN
Attorney for Plaintiff
8 South Michigan Avenue, Suite 2700
Chicago, IL 60603
(312) 422-0343
(312) 422-0358 (*facsimile*)
FIRM ID #25586

**slg**

**Scanlan Law Group**
8 South Michigan Avenue
Suite 2700
Chicago, Illinois 60603

(312) 422-0343
(312) 422-0358 fax
www.scanlanlawgroup.com

08CV3699
JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN
EDA

May 28, 2008

CCMSI
1101 West Lake Street, 4th Floor
Chicago, IL  60607

Attn:   Brian McCoy
        Claim Specialist

Re:   Your Client:        Value City Department Store
      Your Claim No.:     05790A189633
      Our Client:         Jacqueline Dodaro, Deceased
      D/O:                5-21-06
      Our File:           GL 4324

Dear Mr. McCoy:

Enclosed please find a copy of the Complaint we filed last week.  Please contact me within the next few days to discuss further handling.  I have not yet issued the summons, but due to court rules, I cannot delay much beyond a few weeks prior to having the summons served.

Very truly yours,

EDMUND J. SCANLAN

EJS/kjk

Enclosure

DEFENDANT'S
EXHIBIT
2

08CV3699
JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN
EDA

2193 mgp

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CHRIS DODARO, as Special Administrator | ) | |
| Of the Estate of JACQUELYN DODARO, | ) | |
| Deceased, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.:   2008-L-005584 |
| | ) | |
| VALUE CITY DEPARTMENT STORES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

To:    Edmund J. Scanlon
       Attorney at Law
       8 South Michigan Avenue, Suite 2700
       Chicago, Illinois 60603

YOU ARE HEREBY NOTIFIED that on June 26, 2008, there was filed with the Clerk of the Circuit Court of Cook County, County Department, Law Division, **Appearance and Jury Demand,** a copy of which are attached hereto.

Mark G. Poulakidas
Tess L. Dabbah
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorneys for Defendant
200 West Adams Street, Suite 500
Chicago, Illinois 60606
312-332-6644
Attorney I.D. #38836

I certify that a copy of the above-indicated document was mailed to each person to whom it is directed at the address above indicated by depositing same in the U. S. Mail at 200 West Adams Street, Chicago, Illinois 60606 on June 26, 2007, with proper postage prepaid.

_____
Mark G. Poulakidas

DEFENDANT'S
EXHIBIT
3
GROUP

1900-Appearance & Jury Demand
0900-Appearance Only
Appearance

2193 mgp

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CHRIS DODARO, as Special Administrator )
Of the Estate of JACQUELYN DODARO, )
Deceased, )
                              Plaintiff, )
    vs. )     No.:   2008-L-005584
                               )
VALUE CITY DEPARTMENT STORES, LLC, )
                               )
               Defendant. )

## APPEARANCE and JURY DEMAND

    The undersigned, as attorney, enters the appearance of the Defendant, VALUE CITY DEPARTMENT STORES, LLC,

        Defendant demands trial by jury.

Name:  Mark G. Poulakidas
Firm:  HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorney For:  Defendant
Address:  200 West Adams Street, Suite 500
City:  Chicago, IL 60606
Telephone:  312-332-6644
Atty No.:  38836

    I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

                        By: Mark G. Poulakidas
                        Attorney for Defendant

2193 mgp

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CHRIS DODARO, as Special Administrator )
Of the Estate of JACQUELYN DODARO, )
Deceased, )
                       Plaintiff, )
     vs. )     No.:   2008-L-005584
                            )
VALUE CITY DEPARTMENT STORES, LLC, )
                            )
                Defendant. )

## NOTICE OF FILING

To:    Edmund J. Scanlon
        Attorney at Law
        8 South Michigan Avenue, Suite 2700
        Chicago, Illinois 60603

     YOU ARE HEREBY NOTIFIED that on June 26, 2008, there was filed with the Clerk of
the Circuit Court of Cook County, County Department, Law Division, **Motion to Transfer
Venue Based Upon Forum Non-Conveniens,** a copy of which are attached hereto.

Mark G. Poulakidas
Tess L. Dabbah
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorneys for Defendant
200 West Adams Street, Suite 500
Chicago, Illinois 60606
312-332-6644
Attorney I.D. #38836

     I certify that a copy of the above-indicated document was mailed to each person to whom
it is directed at the address above indicated by depositing same in the U. S. Mail at 200 West
Adams Street, Chicago, Illinois 60606 on June 26, 2007, with proper postage prepaid.

                               Mark G. Poulakidas

2193 mgp

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CHRIS DODARO, as Special Administrator )
Of the Estate of JACQUELYN DODARO, )
Deceased, )
                                    )
                          Plaintiff, )
                                    )
    vs.                             )     No.:    08 L 5584
                                    )
VALUE CITY DEPARTMENT STORES, LLC,  )
                                    )
                          Defendant. )

<u>MOTION TO TRANSFER VENUE BASED
UPON FORUM NON-CONVENIENS</u>

Defendant VALUE CITY DEPARTMENT STORES, LLC, by and through its attorneys,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, hereby moves this Honorable

Court pursuant to Supreme Court Rule 187 to transfer venue to DuPage County, Illinois or to

another venue based upon the doctrine of forum non-conveniens, and for leave to conduct

discovery and file a legal memorandum in support of the instant motion, and in support thereof,

defendant states as follows:

1.       The occurrence giving rise to this action allegedly took place in Carol Stream,

DuPage County, Illinois.   On information and belief, plaintiff Chris Dodaro and Jacquelyn

Dodaro, plaintiff's decedent, at all times relevant resided in Glendale Heights, DuPage County,

Illinois.

2.       On information and belief, plaintiff's decedent received her primary post-

occurrence medical treatment in DuPage County, Illinois.

3.       Defendant intends to seek removal of this action to the United States District

Court for the Northern District of Illinois.  In the event the case proceeds in the Circuit Court of

Cook County, Illinois, defendant seek leave of Court to conduct discovery related to venue

issues, file a memorandum of law in support of the instant motion, and any other relief for good cause shown.

      4.      For these reasons, defendant requests that this Court enter and continue generally the instant motion and to schedule a further status hearing on this motion and venue discovery.

      WHEREFORE defendant VALUE CITY DEPARTMENT STORES, LLC respectfully requests this Court enter and continue generally the instant motion, requests leave of Court to conduct discovery related to venue issues and to file a memorandum of law in support of the instant motion, that the Court schedule a further status hearing on this motion and venue discovery, and for such other and further relief as this Court deems just.

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC


Mark G. Poulakidas


Mark G. Poulakidas
Tess L. Dabbah
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorneys for Defendant
200 West Adams Street, Suite 500
Chicago, IL 60606
(312) 332-6644
Attorney No. 38836

08CV3699
JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN
EDA

# REPORT OF ACCIDENT

Claim #_RM-1904__
Adj._PS_____

Name____Jackie Dodaro_____
Address __59 E. ARMITAGE AVE._____ Apt.#_____
City GLENDALE HEIGHTS    State __IL_____ Zip _60139_

Telephone # (630) 510-0814 _____ Date of Birth __7-13-54__

Are you employed? Yes _X_ No ___ If Yes, please provide job title, name and address of
Employer: _STEINER SYSTEM / ALSCO INC.__
_____1841 CENTRE POINT CIRCLE, SUITE 100, NAPERVILLE, IL. 60563_
_____Job Title : ACCOUNTS PAYABLE / RECEIVABLE_

Accident Location: VALUE CITY DEPARTMENT STORE
Store Address __1175 N. GARY AVE, CAROL STREAM, IL__

Date __5-21-06__    Time approx. 2:30    am/pm

Were there any witnesses? Yes _X_ No ____
If yes, please provide name, address and telephone number _____
____HUSBAND — CHRIS DODARO (same address + phone)_
____VALUE CITY EMPLOYEE — IRFAN_

Please explain in full detail how the accident happened:
_While walking down the center aisle near the boys clothing department, on
my way to the draperies department, I slipped on a lotion type
substance which had been spilled on the tile floor. I did not fall, as
I caught myself, but twisted both ankles, right knee and back in the
process. I was being followed by my husband and a Value City employee named
Irfan, who both witnessed my slipping. I made an incident report with
Value City employee, Maria, and went to Stratford Urgent Care to be checked
out, since I was in considerable pain._
Describe your injuries? _Pulled and twisted tendons in both ankles, twisted
and pulled muscles in right knee and back. Doctor gave me an air cast for my
right ankle and if it helps, he will give me one for my left._
Name and address of Facility and Doctor where treatment was received:
1. _STRATFORD CONVENIENT CARE, 235 S. GARY AVE, BLOOMINGDALE, IL. 60108-2213_
2. _LOYOLA OAKBROOK TERRACE MEDICAL CENTER, 15260 SUMMIT AVE, OAKBROOK TERRACE, IL 60181_
___DR. MICHAEL PINZUR_

Sign _____ Date _6-5-06_

RECEIVED
JUN 0 8 2006
RISK MANAGEMENT

DEFENDANT'S EXHIBIT
4

08CV3699

FROM :DODARO    Case 1:08-cv-03699    Document 1-6    Filed 06/27/2008    Page 1 of 1    JUDGE PAGE
FAX NO. :6305100814                                              JUN 17 2008 05:47PM P1
MAGISTRATE JUDGE NOLAN
EDA

# Glendale Heights Police Department Follow-Up Report

Case No. **GL07019501**
Report No. **GL07019501.2**
Report Date: **2/8/2008**

Glendale Heights Police Department
300 Civic Center Plz
Glendale Heights, IL 60139
630 260-6070

**1**

Page 1 of 4

| | | | | | |
|---|---|---|---|---|---|
| Subject | **9433-Death Investigation-Accident** | | | | |
| Case Report Status | **A - Approved** | Date Entered | 2/8/2008 2:28:40 PM | Reporting Officer | |
| | | Entered By | KD324 - Darre, Kelley | KD324 - Darre, Kelley | |
| Occurred On (and Between) | **11/8/2007 4:56:00 PM** | Date Verified | | | |
| | | Verified By | | | |
| Location | **59 ARMITAGE AV** | Date Approved | 2/12/2008 3:30:39 PM | | |
| Jurisdiction | **J1 - Jurisdiction 1** | Approved By | GH220 - Harrison, Gary | Assisted By | |
| Grid | **GL GL04 - GL GL04** | Connecting Cases | | | |
| Sector | | Disposition | **Inactive** | | |
| Map | | Clearance Reason | | | |
| Census/Geo | | Date of Clearance | | | |
| Call Source | **Telephone - UDT** | Reporting Agency | Glendale Heights Police Department | | |
| | | Division | Glendale Heights Police Department | | |
| | | Notified | | | |
| Vehicle Activity | | Means | | | |
| Vehicle Traveling | | Other Means | | | |
| Cross Street | | Motive | | | |
| | | Other Motives | | | |

**Report Narrative**

On 110807 Det Tolgo and I responded to 59 E Armitage for a Death Investigation. Upon arrival we spoke to Ofc Oliver who indicated Jacquelyn R Dodaro was located by her husband Chris J Dodaro on their bed unresponsive. Oliver advised Jacquelyn was pronounced deceased by Glen Oaks Hospital Dr Shanahan at 1720 hours. Oliver said Jacquelyn's health had been declining and she was unhappy being less active then she had been in the past.

I entered the second floor master bedroom where Jacquelyn was lying on the floor near the South wall. Oliver advised he and Chris moved Jacquelyn from the bed to the floor for CPR. Jacquelyn's body did not show any indication of a struggle and the bedroom was cramped but neatly kept with no signs of a struggle. There were no medication bottles visible in the room and Jacquelyn was in a shirt and underwear as though she was sleeping. Oliver indicated Jacquelyn's prescription medications were obtained from the bedroom closet and the bathroom where they were normally kept.

I asked Chris if he knew which medications Jacquelyn took and if she took them as directed. Chris knew she was on several medications, but did not know how often or how many she took.

I checked the medications and quantities before Oliver put them into evidence. None of the medications appeared to be missing more than they should; however, several bottles were refills and could have contained the left over pills from a previous bottle.

I spoke to DuPage County Coroner's Deputy Kelly Boutelle who responded to the scene. It was determined an autopsy would be performed due to an uncertain cause of death.

On 110907 I attended Jacquelyn's autopsy. Jacquelyn's body showed signs of several surgeries and an enlarged heart with a left ventricular myocardial hypertrophy. The heart also had arrhythmogenic right ventricular dysplasia, an abnormality in the wall of the heart that could cause eurhythmia and sudden death. The exact cause of death was to be determined after the toxicology results were completed.

On 013108 I received a call from Charlie Dastych at the DuPage Coroner's Office. Dastych advised Jacquelyn's death was determined to be propoxyphene intoxication due to the ingestion of an accidental overdose of prescription medication. Dastych indicated the prescription of Darvoset would account for the propoxyphene and the amount was consistent with a long time user who needed more to obtain the same pain relief. Dastych indicated her death was also complicated by several genetic abnormalities and the ingestion a therapeutic level of Diazepam which is a respiratory depressant. There were no other intoxicating substances listed on the toxicology report and without clear evidence of a suicide Jacquelyn's death was found to be an accident.

I obtained a copy of the toxicology and coroner's reports which were placed with the report.

9433/09

---

## Offense Detail: 9433 - ACCIDENTAL DEATH/NON-TRAFFIC

| | | | | | |
|---|---|---|---|---|---|
| Offense Description | **9433 - ACCIDENTAL DEATH/NON-TRAFFIC** | Location | **290 - RESIDENCE PRIVATE** | | |
| IBR Code | | Offense Completed? | **Yes** | No. Prem. Entered | |
| IBR Group | | Offense Status | **02 - Pending** | Entry Method | |
| Crime Against | | Hate/Bias | **88 - None (No Bias)** | Type Security | |
| Using | | | | | |

IIRMS CR.rtf v2I

**DEFENDANT'S EXHIBIT 5**

APR 2 I 2008

IL

08CV3699
JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN
EDA

2193 mgp

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRIS DODARO, as Special Administrator    )
of the Estate of JACQUELYN DODARO,        )
Deceased,                                 )
                                          )
                    Plaintiff,            )        No.
                                          )
        vs.                               )
                                          )
VALUE CITY DEPARTMENT STORES, LLC,        )
                                          )
                    Defendant.            )

## AFFIDAVIT OF COREY FERTEL

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

1.      I am a license private investigator in the State of Illinois and have been so licensed since 1998. I am over the age of 18 years old and I am not a party to the above-captioned litigation. As part of my daily job duties, I investigate and determine correct addresses of individuals and corporate entities, serve process in civil lawsuits, and provide affidavits of service for filing in federal and state courts.

2.      I have investigated the current residence address of Chris Dodaro and, based upon my investigation, I believe Mr. Dodaro's current home address is 59 Armitage Ave., Glendale Heights, Illinois 60139. My investigation included searches of public records.

3.      I have also exhausted all resources for locating any alternative residential address for Zelda Clark. The following resources were exhausted: Aircraft ownership, Bankruptcies, Judgments & Liens, Domain Registrations, Government Employee Loans or Contracts, Merchant Vessels, National Property Ownership, Phone Directory, Pilot's License, Inmate Search, Social Security Death Index, Driver's License Search, and Professional License Search.

Further, affiant sayeth not.

_____
Corey Fertel

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
200 West Adams Street, Suite 500
Chicago, Illinois 60606
(312) 332-6644

DEFENDANT'S
EXHIBIT
6

JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN
EDA

2193 mgp

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRIS DODARO, as Special Administrator )
of the Estate of JACQUELYN DODARO, )
Deceased, )
                             )
             Plaintiff, )     No.
                             )
   vs. )
                             )
VALUE CITY DEPARTMENT STORES, LLC, )
                             )
           Defendant. )

## AFFIDAVIT OF JULIA A. DAVIS

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

1.      I am employed by the Retail Ventures, Inc. as Executive Vice President and General Counsel. In this capacity, I am familiar with the corporate citizenship, organization and ownership of Value City Department Stores, LLC.

2.      I have reviewed the Complaint at Law filed by plaintiff Chris Dodaro and I am familiar with the allegations contained therein.

3.      At all times from prior to the dates of the allegations contained within the Complaint at Law to January 23, 2008, Value City Department Stores LLC has been an Ohio limited liability company and a wholly-owned subsidiary of Retail Ventures, Inc., and maintained its headquarters and principal place of business at 3241 Westerville Road, Columbus, Ohio 43224.

4.      Thus, the sole member of Value City Department Stores, LLC prior to January 23, 2008 was Retail Ventures, Inc. At all times from prior to the dates of the allegations contained within the Complaint at Law to the present, Retail Ventures, Inc. has been incorporated in the state of Ohio, and maintained its headquarters and principal place of business at 3241 Westerville Road, Columbus, Ohio 43224.

5.      On January 23, 2008, Retail Ventures, Inc. disposed of its interest in Value City Department Stores, LLC. This was accomplished by creating a holding corporation, Value City Holdings, Inc., a Delaware corporation, and the member interest in Value City Department



DEFENDANT'S
EXHIBIT
7

Stores LLC was fully contributed to Value City Holdings, Inc. Retail Ventures then sold 81% of Value City Holdings, Inc. to new owners. At all times since the date of the incorporation of Value City Holdings, Inc., it has been a Delaware corporation with its offices in Wilmington, Delaware. Despite this change in ownership, Value City Department Stores LLC remains an Ohio limited liability company and its principal place of business remains at 3241 Westerville Road, Columbus, Ohio 43224.

FURTHER AFFIANT SAYETH NOT.

_____
Julia Davis

Subscribed and Sworn before me on this

_27_ day of June 2008.

_____
Notary Public

My commission expires: ___6/5-10___

*Lisa M. Luby*
*Notary Public, State of Ohio*
*My Commission Expires*
*June 5, 2010*

Mark G. Poulakidas (ARDC #6230065)
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorneys for Defendant
200 West Adams Street, Suite 500
Chicago, Illinois 60606
(312) 332-6644